1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNDI WALTERS,

        Plaintiff,

  v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. C06-1448C

ORDER

      Upon receipt of Plaintiff's complaint, this Court issued an order to show cause why this case should not be transferred to the federal courthouse in Tacoma, Washington (Dkt. No. 5). Plaintiff has submitted a response to this order to show cause (Dkt. No. 6). Having considered this response and the supporting declaration, the Court issues to following order.

      The Court issued the order to show cause because a connection to the Seattle Division of the Western District of Washington was not apparent on the face of Plaintiff's Amended Complaint (Dkt. No. 2). According to the Local Rules for the Western District of Washington, "[i]n all civil cases in which all defendants reside, or in which the claim arose, in the counties of Clallam, Clark, Cowlitz, Grays Harbor, Jefferson, Kitsap, Lewis, Mason, Pacific, Pierce, Skamania, Thurston, and Wahkiakum, the case file will be maintained in Tacoma." CR 5(e)(1). Plaintiff has persuasively shown that this is not a case in which

ORDER – 1

all the defendants reside in the Tacoma Division—of the eight individual defendants, four live in the Tacoma Division, two live in the Eastern District of Washington, and two live outside Washington entirely.

Plaintiff cannot show that the claim did not arise in the Tacoma Division, however. In a non-diversity case such as this, venue is proper "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). In her amended complaint, Plaintiff alleges that venue is proper in the Western District of Washington "because Defendants reside within the District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District." (Dkt. No. 2, at 2.) As is clear from the Declaration submitted in support of the Response to the Order to Show Cause (Dkt. No. 7), the Defendants do not all reside in the same state. Therefore, Plaintiff can only be relying on 28 U.S.C. § 1391(b)(2) as the basis for venue in the Western District of Washington.

The Court is willing to credit Plaintiff's assertion that a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Washington. A plaintiff's choice of forum is always a relevant consideration in determining the proper venue for an action. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Plaintiff describes various events that took place during a trip to Department of Corrections headquarters in Olympia, Washington. (Dkt. No. 2, at 14-15.) According to the complaint, a conversation between Plaintiff and her administrative assistant about what took place in Olympia was the basis for an investigation into whether Plaintiff had violated a confidentiality policy that ultimately resulted in Plaintiff's termination. (*Id.* at 16-17, 25.) The events in Olympia are sufficient to make venue in the Western District of Washington proper.

However, Plaintiff cannot assert on the one hand that venue is proper in the Western District of Washington because a substantial part of the events giving rise to her claim took place in Olympia and on

ORDER – 2

the other hand that the claim did not arise in the Tacoma Division for the purposes of case assignment. The complaint does not allege that any events took place in the Seattle Division of the Western District of Washington; the only events described in the complaint took place in Olympia or in Walla Walla where Plaintiff was employed.  Thus, for the purposes of Civil Rule 5(e)(1), the claim arose in Olympia, within the Tacoma Division.

Even if it could be said that Plaintiff's claim arose outside the Tacoma Division for the purposes of Civil Rule 5(e)(1), Plaintiff has not established any connection to the Seattle Division that would justify her claim being assigned to this Division.  Plaintiff notes that some of her witnesses are located in Seattle, that Seattle is more convenient for her attorneys, and that the parties have mediated in Seattle.  These factors are insufficient to overcome the fact that no event giving rise to the facts in dispute occurred within the Seattle Division.  The parties can continue to engage in mediation in Seattle as they deem useful.  Traveling to Tacoma does not impose such a burden on the parties or their experts that acceptance of the case in Seattle under Civil Rule 5(e)(2) is warranted.

The case is ORDERED transferred to the Tacoma Division of the Western District of Washington.  The Clerk has reassigned this matter to the Honorable J. Kelly Arnold, United States Magistrate Judge in Tacoma.  Future filings in this matter shall bear cause number C06-1448-JKA and be filed at Tacoma.

SO ORDERED this 27th day of November, 2006.

John C. Coughenour  
United States District Judge

ORDER – 3